## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

NANCY BURR,

     Plaintiff,

v.                           Case No: 8:21-cv-2254-CEH-AEP

FAMILY DOLLAR STORES, INC.
and FAMILY DOLLAR STORES OF
FLORIDA, LLC,

     Defendants.

_____/

## O R D E R

This matter comes before the Court on Plaintiff's Motion to Remand (Doc. 12), filed on October 22, 2021. In the motion, Plaintiff seeks an order remanding this case to state court due to lack of subject matter jurisdiction because the amount in controversy is not met for purposes of diversity jurisdiction. Defendant filed a response in opposition (Doc. 15) and Plaintiff replied (Doc. 16). The Court, having considered the motion and being fully advised in the premises, will grant Plaintiff's Motion to Remand and remand this action to the Fifth Judicial Circuit in and for Hernando County.

## DISCUSSION

On May 14, 2021, Plaintiff Nancy Burr ("Burr" or "Plaintiff") commenced this action, on behalf of herself and others similarly situated, against Family Dollar Stores, Inc. and Family Dollar Stores of Florida, Inc. (collectively "Family Dollar" or

"Defendants") in the Circuit Court of the Fifth Judicial Circuit, in and for Hernando County, Florida. Doc. 1-9. The case arises out of a claim of false labelling, false advertising, and deceptive practices related to Family Dollar's Chestnut Hill brand ground coffee products.  The Complaint alleges Family Dollar engaged in a bait-and-switch false advertising scheme whereby it mislabeled its coffee products as containing more servings of coffee than the products actually contain. *Id.* ¶ 3.

Plaintiff, a Florida citizen, alleges Family Dollar Stores, Inc. is a Delaware corporation and Family Dollar Stores of Florida, LLC is a Virginia limited liability company that operates numerous stores in the State of Florida. *Id.* ¶¶ 7, 8. Plaintiff sues Defendants in a two-count complaint alleging state law causes of action for breach of express warranty and breach of implied warranty. Doc. 1-9. Plaintiff asserts her claims on behalf of a putative class consisting of all persons in Florida who, in the two years preceding the filing of this action, purchased one or more of Family Dollar's Chestnut Hill coffee product canisters for personal use. *Id.* ¶ 38.

Plaintiff alleges Family Dollar's Chestnut Hill coffee product canisters represent that the canister "[m]akes up to 270 6 fl. oz. cups." *Id.* ¶ 14. However, when a customer follows the recommended brewing instructions to use one rounded tablespoon of coffee for each 6 fluid ounces of water, Plaintiff alleges that it is impossible to make 270 cups of coffee. *Id.* ¶ 17. At most, Plaintiff contends the canister makes only 192 six-ounce cups of coffee. *Id.* ¶ 19.

Plaintiff alleges Defendants' labelling and marketing of Chestnut Hill coffee products is false and misleading and has caused Plaintiff and the putative class

2

damages. According to Plaintiff, she and class members were overcharged and overpaid for the coffee products by approximately 29%. *Id.* ¶ 37.

Defendants filed a Notice of Removal on September 23, 2021. Doc. 1. The Notice alleges that jurisdiction is proper under 28 U.S.C. § 1332. *Id.* ¶ 5. Defendants assert that they are not Florida citizens. *Id.* ¶ 9. The sole member of Family Dollar Stores of Florida, LLC is Family Dollar Stores, Inc. *Id.* Family Dollar Stores, Inc. is a Delaware corporation with its principal place of business in Virginia. *Id.*

Regarding the amount in controversy, Defendants state that Plaintiff seeks to recover 29% of the full purchase price paid for the coffee product by class members for a two-year period from May 2019 to May 2021. *Id.* ¶ 13. According to Defendants, their retail sales for Chestnut Hill coffee products during that time frame exceeded $258,620.69.[1] Thus, Defendants submit the amount in controversy is satisfied.

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). "Federal courts are courts of limited jurisdiction." *Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). And "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

---

[1] Defendants submit that the sale of coffee products during the relevant time frame would have to exceed $75,000/.029, or $258,620.09, in order to satisfy the jurisdictional threshold of exceeding $75,000. Doc. 1 ¶ 14.

Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)-(3). For diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978) ("Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship."). 28 U.S.C. § 1441(a) permits a defendant to remove, as a general matter, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction ...." "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001). Based on the allegations, it appears the parties are diverse.

"The sufficiency of the amount in controversy is determined at the time of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). "[A] removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). Lack of subject matter jurisdiction requires remand to the state court under 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12 (h)(3). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411.

Defendants fail to carry their burden to establish that the amount in controversy is satisfied to invoke this Court's subject matter jurisdiction. It is a removing defendant's responsibility to present documents that "contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n.63 (11th Cir. 2007), *cert. denied*, 553 U.S. 1080 (2008). Defendants have failed to do so here. Defendants offer no documentary evidence to demonstrate the amount of their sales of coffee products in Florida for that two-year period. But, more significantly, Defendants do not demonstrate that class members' claims can be aggregated for purposes of determining the amount in controversy. For the Court to exercise jurisdiction over the case under section 1332(a), the claims of at least one of the named plaintiffs must exceed $75,000. *See Allapattah Services, Inc. v. Exxon Corp.*, 333 F.3d 1248, 1256 (11th Cir. 2003), *aff'd by Exxon Mobile Corp. v. Allapattah Svcs., Inc.*, 125 S. Ct. 2611 (2005). With an average cost of the coffee canister at issue being approximately $6.00, a named plaintiff would have to purchase over 43,000 cans of coffee in the two-year period to individually incur damages in excess of $75,000.[2]

Moreover, Defendants do not contend that the original jurisdiction of the Court is invoked based on the Class Action Fairness Act ("CAFA"), which requires an amount in controversy in excess of five million dollars. *See* 28 U.S.C. §§ 1332(d)(2), 1453. And Defendants, in their response, acknowledge that this action does not

---

[2] Twenty-nine percent of $6.00 is $1.74. Dividing $75,000 by $1.74 equals in excess of 43,103 cans of coffee purchased.

involve a single common fund.[3] Doc. 15 at 2. However, Defendants contend the unique facts of this case warrant aggregating their damages for purposes of the amount in controversy requirement. As raised in the reply, Plaintiffs are seeking compensatory damages for Defendants' breach of express and implied warranties and are not asserting claims for injunctive or equitable relief, despite Defendants' efforts to suggest otherwise. Because Defendants fail to carry their burden of establishing the amount in controversy is satisfied, the motion to remand is due to be granted. Accordingly, it is

    **ORDERED**:

    1.    Plaintiff's Motion to Remand (Doc. 12) is **GRANTED**.

    2.    This case is **REMANDED** to the Circuit Court for the Fifth Judicial Circuit, in and for Hernando County, Florida.

    3.    The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Fifth Judicial Circuit Court, in and for Hernando County, Florida.

    4.    The Clerk is further directed to terminate any pending motions and deadlines and close this case.

    **DONE AND ORDERED** in Tampa, Florida on December 9, 2021.

*Charlene Edwards Honeywell*

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties, if any

---

[3] *See Friedman v. New York Life Ins. Co*, 410 F.3d 1350, 1354 (11th Cir. 2005) (holding claims of the plaintiff and putative class members remained separate and distinct claims of separate individuals for reimbursement of the amount each overpaid and therefore did not constitute common and undivided claims to a common fund).